# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| QUIENTESSA STOWE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: |
| ) | |
| v. ) | _____ |
| ) | |
| VALOR HOSPITALITY PARTNERS, ) | |
| LLC d/b/a EMBASSY SUITES ) | JURY TRIAL DEMANDED |
| DOWNTOWN TUSCALOOSA, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### NATURE OF CLAIM

Plaintiff asserts this claim under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111 et seq., as amended by the ADA Amendments Act of 2008, (collectively the "ADA") to address disability discrimination in the terms and conditions of her employment with the Defendant. In particular, this lawsuit arises out of the Defendant's decision to terminate the Plaintiff based solely on her disability, without undertaking any attempt to accommodate the same.

### JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court by virtue of 42 U.S.C. § 12111 and 28 U.S.C. §§ 1331 and 1343.

2. Venue in this Court is appropriate for all causes of action stated herein

pursuant to 42 U.S.C. § 12117(a), 42 U.S.C. § 2000E-5(f)(3), and 28 U.S.C § 1391 because the Defendant does business within this District and all employment practices which give rise to this action occurred within this District.

## PARTIES

3. Plaintiff Quientessa Stowe ("Stowe") is an individual over the age of 19 years, residing in Tuscaloosa County, Alabama.

4. At all relevant times, Plaintiff Stowe was a "qualified employee" as defined by 42 USC § 12111(8) of the ADA. Stowe had performed all of the essential functions of her job prior to her hospitalization for a suicide attempt and with any reasonable accommodation could have continued to perform all such functions.

5. Defendant Valor Hospitality Partners, LLC d/b/a Embassy Suites Downtown Tuscaloosa, ("Embassy Suites Tuscaloosa") is a foreign corporation registered in Atlanta, Georgia and doing business in Tuscaloosa County, Alabama at 2410 University Blvd., Tuscaloosa, AL 35401, the facility at which Stowe was employed.

6. Defendant Embassy Suites Tuscaloosa was a "covered" employer as defined in 42 USC § 12111(5)(A) of the ADA at all relevant times. Defendant has had over 15 employees working for it at all relevant times.

## ADMINISTRATIVE PROCEEDINGS

7. Stowe has timely and fully complied with all prerequisites for administrative exhaustion required for jurisdiction in this court under the ADA and thus all conditions precedent to this lawsuit within the meaning of Rule 9(c) of the Fed. R. Civ. Pro. have been performed or have otherwise occurred.

8. In particular, Stowe filed a charge of discrimination, which is attached hereto as **Exhibit A,** with the Equal Employment Opportunity Commission on December 11, 2018 and within 180 days of the complained of action. Stowe then received her Right to Sue notice, which is attached hereto as **Exhibit B**, from the Equal Employment Opportunity Commission on August 23, 2019. This lawsuit is timely filed within 90 days of that notice.

## STATEMENT OF FACTS

9. Plaintiff was employed by the Defendant on or about March 23, 2018 in Tuscaloosa, Alabama in the position of room attendant.

10. Plaintiff was terminated by Defendant on or around June 29, 2018.

11. At all times relevant hereto, Plaintiff was qualified for the position of room attendant.

12. As a room attendant, Plaintiff was responsible for, among other things, performing housekeeping duties in the hotel rooms.

13. Prior to Defendant hiring Plaintiff, she informed Defendant of her medical conditions, which include depression/bipolar disorder as well as a seizure

condition.

14. On or around June 26, 2018, Plaintiff suffered from a depressive episode during which she attempted to take her own life. Plaintiff was hospitalized and unable to communicate with her employer.

15. During this depressive episode, Plaintiff was substantially limited in many major life functions, including, but not limited to, caring for one's self.

16. Plaintiff clearly qualifies as an individual with a disability under the ADA. Furthermore, Defendant regarded Plaintiff as having such an impairment.

17. Plaintiff's co-worker, LaQuinta Taylor, informed Defendant of Plaintiff's suicide attempt and hospitalization on or around June 26, 2018.

18. Defendant was aware of Plaintiff's hospitalization, and Defendant was informed by Ms. Taylor that Plaintiff would require an accommodation of temporary leave. Ms. Taylor told management that Plaintiff would be out for a little while due to her hospitalization and need for recovery.

19. Despite this knowledge, Defendant left Plaintiff's name on the schedule and chose not to make any efforts to reasonably accommodate Plaintiff.

20. With such a reasonable accommodation, Plaintiff could perform all the essential functions of her job.

21. Defendant was also informed on or around June 27, 2018 that Plaintiff was still in the hospital. Plaintiff's children brought a doctor's note to Defendant

and informed Defendant that Plaintiff would not be at work.

22. Defendant again failed to engage in interactive process to reasonably accommodate Plaintiff despite the fact that there were clearly reasonable accommodations available for Plaintiff's disability.

23. A short-term leave of absence was not unduly burdensome for Defendant and had been provided previously for employees, including for Plaintiff herself when she had to care for a family member.

24. Plaintiff also had vacation time available, which Defendant did not even consider allowing her to use as a reasonable accommodation.

25. Instead, on or around June, 29, 2018, Defendant terminated Plaintiff's employment for "voluntary job abandonment". Defendant never offered Plaintiff any reasonable accommodation.

26. This is clearly a pre-textual reason as Plaintiff did not have the capacity to voluntarily abandon anything at the time of her termination. Defendant was well aware of Plaintiff's hospitalization and her inability to call out of work personally. Her co-worker and her children informed Defendant of her inability to work so she was in no way a no call-no show as Defendant alleges.

27. Defendant was also aware from the beginning of Plaintiff's hospitalization that she would need to be taken off the schedule and she would be out for at least a few days. However, Defendant purposefully chose not to remove

her from the schedule in order to create a pre-textual reason to terminate Plaintiff based on her disability.

28. Plaintiff learned of the termination approximately one week later. After previously bringing in some of her medical documentation from her hospitalization, at which time she was not informed she had been terminated, Plaintiff communicated to Defendant that she would be able to resume work and was told she had been terminated. She was also denied the opportunity to re-apply for any positions with Defendant.

29. Defendant discriminated against Plaintiff based on her disability by not providing her a reasonable accommodation and by terminating her immediately following her suicide attempt.

## COUNT I
## ADA: Disability Discrimination

30. Plaintiff adopts and re-alleges each and every allegation contained in paragraphs 1-29 as if fully set out herein.

31. Plaintiff is a disabled person as defined by the ADA in that (a) she has a physical impairment that substantially limits a major life function; (b) she has a record of such impairment; and/or (c) she is regarded as having such an impairment. Plaintiff did in fact have a physical impairment related to her bipolar/depression, has a record of such impairment, and was regarded as having

such impairment by Defendant.

32. Plaintiff's disability is permanent, and at the time of Plaintiff's termination in June of 2018, Defendant knew that Plaintiff was disabled.

33. Plaintiff was able to perform the essential job functions of her position with Defendant provided Plaintiff received any reasonable accommodation.

34. Defendant could have provided Plaintiff with an accommodation without any undue hardship to Defendant or Plaintiff, but Defendant chose not to do so. On Plaintiff's behalf, Ms. Taylor, Plaintiff's co-worker, tried to engage the Defendant in an interactive process regarding accommodating Plaintiff's disability, but Defendant did not so engage. They failed to acknowledge or discuss accommodations for Plaintiff's disability.

35. Defendant could have easily complied with Plaintiff's need for short-term leave, but instead chose to discriminate against Plaintiff because of her disability and, in express violation of the ADA, terminate Plaintiff because of her disability.

36. In deciding to terminate Plaintiff rather than accommodate her disability, Defendant was motivated by an intent to discriminate against Plaintiff with a long-term impairment/disability.

37. As the direct and proximate result of the Defendant's actions set forth above, Plaintiff has suffered lost wages; health related costs/benefits; loss of the

opportunity to engage in the gainful employment with this Defendant; humiliation, embarrassment, and loss of self-esteem; adverse health effects; and loss of time and money in endeavoring to protect herself from Defendant's unlawful discrimination, including the costs and reasonable attorney's fees of this action.

38. The Defendant willfully violated the ADA or with reckless disregard for whether its actions were prohibited such that an award of punitive damages is appropriate.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant and award Plaintiff:

A) Backpay;

B) Compensatory damages for loss of wages, loss of benefits, mental anguish, emotional distress, embarrassment, both past and future;

C) Injunctive Relief;

D) Punitive damages;

E) Pre-judgment interest;

F) Reasonable attorney's fees and costs; and

G) Such other legal or equitable relief as may be appropriate to effectuate the purposes of the ADA or to which she may be entitled.

DATED this 21st day of November, 2019.

                                      Respectfully Submitted,

                                      **/s/ Hillary V. Keller**
                                      Hillary V. Keller (ASB-1136-K15F)
                                      2121 14th Street
                                      Tuscaloosa, Alabama 35401
                                      Telephone: (205) 523-0464
                                      Fax: (205) 344-6188
                                      Email: hkeller@hardinhughes.com

                                      **/s/ Charles A. Hardin**
                                      Charles A. Hardin (ASB-9519-R67C)
                                      2121 14th Street
                                      Tuscaloosa, Alabama 35401
                                      Telephone: (205) 523-0462
                                      Fax: (205) 344-6188
                                      Email: chardin@hardinhughes.com

                                      *Attorneys for Plaintiff*

## Jury Demand

Plaintiff demands trial by struck jury.

**Defendant's Address:**
Valor Hospitality Partners, LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

9